IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSANNA CHALABY ALSHAHBANDAR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:26-cv-01232-B-BT |
| UNNAMED DEFENDANTS, | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 16, 2026, Plaintiff filed an original complaint against unnamed "individuals and entities associated with the famil[ies] of Saddam Hussein, Ahmed Abdul Hadi, and the ruling family in the Hashemite Kingdom of Jordan." Compl. (ECF No. 1) (citation modified). Without elaboration, Plaintiff alleges that "[f]amily properties and endowments (waqf) located in Baghdad and other former Ottoman territories were unlawfully seized and confiscated without legal basis or fair compensation," and that "Defendants knowingly and intentionally misappropriated the Plaintiff's family identity, name, historical standing, and associated assets for personal and financial gain." *Id.* Based on these assertions, Plaintiff purports to bring claims for "identity misappropriation," fraud, conversion, unjust enrichment, civil conspiracy, and RICO violations. *Id.* Upon review, Plaintiff's complaint fails to present a cognizable federal claim. The factual

contentions are wholly conclusory, deficient, and fail to meet the pleading standards required to survive dismissal.

Although Plaintiff paid the filing fee, the Court may exercise its inherent authority to dismiss a complaint on its own motion as long as the procedure employed is fair. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021); *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam). Fairness requires notice of the court's intent and an opportunity to respond. *Gaffney*, 294 F. App'x at 977. These Findings, Conclusions, and Recommendation (the "FCR") provide Plaintiff notice of the court's intent to dismiss the complaint, and the 14-day period to object to the FCR (explained in more detail below) provides her an opportunity to respond. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (concluding magistrate judge's recommendation provides both notice and a reasonable opportunity to respond to dispositive issue that the court raises *sua sponte*).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). While the Court liberally construes *pro se* pleadings, it cannot conjure unpled allegations or overlook a total lack of factual substance. *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Even under the most liberal construction, Plaintiff's allegations fail to state a plausible claim. The complaint lacks any specific factual basis connecting the unnamed defendants to a legal dispute over which this Court has jurisdiction. Plaintiff provides no details regarding what assets were seized or which specific defendants were involved. Such "naked assertions" devoid of further factual enhancement are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, Plaintiff has failed to state a claim for relief and her complaint should be dismissed *sua sponte*. *See* Fed. R. Civ. P. 12(b)(6).

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Plaintiff has failed to state a claim or allege any facts from which a plausible claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Plaintiff could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## RECOMMENDATION

For all these reasons, Plaintiff's complaint should be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Signed April 28, 2026.    _____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).